UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. GLYNN and
CHRISTINE GLYNN,

                Plaintiffs,                  No. 14-cv-12618

vs.                                  Hon. Gerald E. Rosen

OCWEN LOAN SERVICING, LLC,

                Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND ORDER
REMANDING CASE TO LIVINGSTON COUNTY CIRCUIT COURT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 04, 2014

PRESENT:   Honorable Gerald E. Rosen
                   United States District Chief Judge

## I. INTRODUCTION

This breach of contract action arises out of the foreclosure of the mortgage on

Plaintiffs' home.  Plaintiffs Kenneth and Christine Glynn filed their five-count Complaint

in Livingston County Circuit Court on May 29, 2014.  Defendant Ocwen Loan Servicing,

LLC, removed the action to this Court on July 2, 2014 on the basis of federal question

jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claim in one count of their

Complaint for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601

*et seq* ("RESPA"), and supplemental jurisdiction over the other four state-law counts

1

pursuant to 28 U.S.C. § 1367.

On September 5, 2014, Defendant filed a Motion to Dismiss the Complaint.  On September 26, 2014, Plaintiffs timely filed an Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(1)(B).[1]  In their Amended Complaint, Plaintiffs eliminated their RESPA claim, which was the only claim providing the Court with original subject matter jurisdiction over this action.  Immediately after filing their Amended Complaint, Plaintiffs moved to remand this action.  In their Motion, Plaintiffs  urge the Court, in light of their decision not to pursue a claim for violation of RESPA, to decline to continue to exercise supplemental jurisdiction over the remaining state law claims and, accordingly, remand this action to the Livingston County Circuit Court for adjudication.  Defendant has responded to Plaintiffs' Motion and Plaintiffs have replied.  Having reviewed and considered Plaintiffs' Motion, the parties' briefs and the entire record in this matter, the

---

[1]  Fed. R. Civ. P. 15(a), in relevant part, provides:

**(1)  *Amending as a Matter of Course*.**  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or
(B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b)**, (3) or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added).

Court has determined that oral argument is not necessary. Therefore, the Court will decide this matter "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II. DISCUSSION

There is no dispute that Defendant's removal of this case from state Court was proper. The Glynns' original complaint gave this Court original jurisdiction under 28 U.S.C. § 1331 because it contained a claim under the federal RESPA statute. The Court had supplemental jurisdiction over the Glynns' state-law claims under 28 U.S.C. § 1367. But, as was their right, the Glynns timely amended their complaint in compliance with Fed. R. Civ. P. 15(a)(1)(B), and in that amended complaint, the Glynns abandoned their RESPA claim. "An amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir.2000) (when plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999) (same); *See also Parks v. Federal Express Corp*., 1 F. App'x. 273, 277 (6th Cir.2001); *Long v. County of Saginaw*, 2014 WL 1845811, at *3 fn. 1 (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case ....'"). *Cf., Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000). Therefore, once the Glynns amended their complaint, no federal claim remained.

This does not mean, however, that the Court no longer has subject matter jurisdiction over the action such that remand is mandatory.[2]  *See Carlsbad Technologies, Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639, 129 S.Ct. 1862, 1866-67, 173 L.Ed.2d 843 (2009).  "Upon dismissal of the federal claim, the District Court retain[s] its statutory supplemental jurisdiction over the state-law claims." *Id.* at 640, 129 S.Ct., at 1867.  However, even though residual supplemental jurisdiction may continue to be asserted after Plaintiffs' abandonment of their RESPA claim in their amended complaint, under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction" over Plaintiff's state-law claims, where "all claims over which [the Court] has original jurisdiction" have been dismissed.  The decision to exercise supplemental jurisdiction over a remaining state-law claim is "purely discretionary." *Carlsbad Technologies,* 556 U.S. at 639, 129 S.Ct. at 1866-67.  The Sixth Circuit, too, has recognized that district courts possess "broad discretion" to decide whether to retain jurisdiction over state-law claims that fall within the purview of Section 1367 once all federal claims are dismissed. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir.2010) (citing 28 U.S.C. § 1367(a)).

Courts may exercise this discretionary authority not only when all federal claims have been dismissed by judicial order but also upon the filing of an amended complaint

---

[2]  Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

that eliminate the federal claims upon which federal jurisdiction had originally been predicated. *See e.g., Harper v. Auto Alliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004) (holding that deciding whether to retain jurisdiction over plaintiff's state law claims after he filed an amended complaint which dropped his Title VII claim was a matter within the district court's discretion); *Jackson v. Williams,* 2013 WL 1947253 at *1 (N.D. Ohio May 9, 2013) (court declines to exercise supplemental jurisdiction over plaintiff's state law claims where plaintiff filed an amended complaint that did not include § 1983 claims which had formed the basis for federal court jurisdiction); *Stroud v. Bank of America, N.A.*, 2013 WL 3043219 at *3 (E.D. Mich. June 17, 2013) (finding the continued discretionary exercise of supplemental jurisdiction under Section 1367(a) proper even though Plaintiff subsequently amended his complaint to eliminate his federal FDCPA claim). "All agree that the law grants the District Court broad discretion to determine whether it should keep such cases on its docket . . . ." *Carlsbad Technologies*, 556 U.S. at 644, 129 S.Ct. at 1869 (Breyer, J. concurring).

However, because "[c]omity to state courts is considered a substantial interest. . . [c]ourt[s] appl[y] a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed -- retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006)); *accord Experimental*

*Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir.2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Id.*); " *Hankins v. The Gap, Inc*., 84 F.3d 797, 803 (6th Cir. 1996) ("if all federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

In *Gamel*, *supra*, the Sixth Circuit observed that district courts must engage in a balancing test involving several factors in determining whether to retain jurisdiction over state-law claims. 625 F.3d at 951-52.  If the balance of factors in a removed case weighs against exercising jurisdiction, remand is the appropriate course of action.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Long v. Bando Mfg. of Am., Inc*., 201 F.3d 754 (6th Cir.2000).  When a district court dismisses all claims over which it had original jurisdiction, the balance of considerations is likely to weigh in favor of declining to exercise supplemental jurisdiction.  *Gamel*, 625 F.3d 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp*., 89 F.3d 1244, 1254-1255 (6th Cir.1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")).  Nevertheless, a number of countervailing factors may tip the balance toward retaining supplemental jurisdiction.  *Id*. (citing *Harper v. Auto Alliance Intern., Inc*., 392 F.3d at 211-12 (upholding district court's decision to retain supplemental jurisdiction where plaintiff's decision to dismiss federal-law claims was made for purposes of forum manipulation after case had been on district court's docket for eleven months, discovery had closed, summary judgment motions had been

6

filed and were ripe for disposition, and the district court was familiar with the facts of the case and already had invested significant time in the litigation)).  *See also Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (upholding district court's decision to retain supplemental jurisdiction where the matter had been on the court's docket for nearly two years; discovery had closed, and the parties had compiled a voluminous record; plaintiff abandoned his federal claim only upon the filing of an amended complaint; and the parties had prepared extensive briefs in support of a summary judgment motion that was ripe for review); *Fossyl v. Milligan*, 317 F. App'x 473 (6th Cir.2009) (upholding district court's retention of supplemental jurisdiction where balance of factors weighed against remand).

The Sixth Circuit has not expressly stated a comprehensive list of factors comprising the balancing test. However, as the foregoing discussion makes clear, an abundance of Sixth Circuit cases discuss the various circumstances involved in making the supplemental jurisdiction determination. Those cases reveal the following considerations which district courts in our circuit should weigh:  convenience, comity, fairness, and judicial economy, *Gamel*, 625 F.3d at 951-52 (citing *Carnegie-Mellon v. Cohill*, 484 U.S. at 350;  *Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir.1993)); whether the plaintiff has used "manipulative tactics" to secure a state forum, *Harper*, 392 F.3d at 211(citing *Cohill*, 484 U.S. at 350); and the difficulty or novelty of the state law issues, *Province v. Cleveland Press Publishing Co*., 787 F.2d 1047, 1055 n. 11 (6th Cir.1986).  The factors of judicial economy, fairness, and comity are further

7

informed by the following more specific considerations: whether the district court should avoid needless state law decisions, *Landefeld*, 994 F.2d at 1182; *Province*, 787 F.2d at 1055 ("'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); whether the district court, in its disposition of federal-law claim, resolved a related state-law issue, *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521-22 (6th Cir.2007)); whether similar predicate factual findings are necessary to resolve both the state and the federal claims, *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991) (citing *Province*, 787 F.2d at 1055); whether the district court has expended significant time and resources, *id.*, 934 F.2d at 1413; whether dismissal or remand will result in duplicative litigation, *Province*, 787 F.2d at 1054; *Landefeld*, 994 F.2d at 1182; whether the matter has been on the district court's docket for a significant time, *Harper*, 392 F.3d at 211; *Taylor*, 973 F.2d at 1287; whether the parties have completed discovery, *Aschinger*, 934 F.2d at 1413; *Harper*, 392 F.3d at 211; *Taylor*, 973 F.2d at 1287; whether plaintiff has abandoned all federal claims at a late stage of the proceedings, *Harper*, 392 F.3d at 211; *Taylor*, 973 F.2d at 1287; whether the district court has gained significant familiarity with the case through previous substantive rulings, *Harper*, 392 F.3d at 211; and whether a summary judgment motion has been filed and is ripe for review and, if so, how extensively it has been briefed, *Taylor*, 973 F.2d at 1287.

Informed by the foregoing, in this action, the Court concludes that the factors, on

8

balance, weigh in favor of remand to the state court.  The case has not been on this Court's docket for long and no substantial record has been compiled.  No Rule 16 scheduling conference has yet been held and there is no indication that the parties have independently undertaken any discovery.  Although a Rule 12(b)(6) motion for dismissal of the state law claims is pending, briefing is not complete and the Court has not ruled on any issue presented. Further, the need to avoid duplicative litigation does not appear to be implicated.  On remand, the parties will presumably resume litigating their claims in state court at the same procedural juncture where they left off in this Court.  Moreover, the Court finds that interests of comity weigh in favor of the state court deciding the remaining issues of state law.

Contrary to Defendant's assertions, the Court does not find that by moving to remand, Plaintiffs engaged in manipulative "delay tactics."  Plaintiffs filed their action in the Livingston County Circuit Court.  While they may have filed their action in an attempt to forestall their eviction, they have done nothing in this Court that could be characterized as a "delay tactic."  It was Defendant, not Plaintiffs, that removed this case from the state court.  The record shows that Plaintiffs filed their complaint in state court on May 29, 2014 and served Defendant on June 5, 2014.  Defendant did not remove the case to this Court until July 2, 2014. The removal itself, thus, caused a 30-day delay in the proceedings.  Any further delay in the proceedings was also caused by Defendant, not Plaintiff.  Defendant did not promptly answer Plaintiffs' complaint within the 28 days allowed for doing so.  Rather, on July 7, 2014, Defendant obtained a stipulation from

9

Plaintiffs to allow it an extension of time, until August 8, 2014, to respond to the complaint. Defendant then obtained a second stipulation from Plaintiffs for an additional month, until September 8, 2014 to respond, and did not respond to Plaintiffs' complaint until September 5, 2014 when it filed a motion to dismiss. Thus, Defendant's own actions delayed the resolution of this matter for 90 days. Plaintiffs, on the other hand, acted promptly in accordance with the time limit set forth in Fed. R. Civ. P. 15 in filing an amended complaint and moving to remand within 21 days of Defendant's filing of its motion to dismiss. Defendant does not dispute Plaintiffs' assertion in their motion to remand that it was based on "updated information received from Defendant related to Plaintiffs' Qualified Written Request" that they decided not to pursue their federal RESPA claim and were voluntarily dismissing it. [*See* Motion, ¶ 4]. They did not wait to amend their complaint or file their remand motion until after there had been lengthy proceedings in this Court; rather, they did so at the earliest juncture.

For all of the foregoing reasons, the Court concludes that it should decline to continue to exercise supplemental jurisdiction over the state-law claims remaining in this action.

<u>CONCLUSION</u>

Plaintiffs' RESPA claim in Count V of their original complaint, the only claim over which this Court had original federal subject matter jurisdiction, having been voluntarily dismissed by Plaintiffs and eliminated from the Amended Complaint they filed on September 26, 2014; and all of the claims in Plaintiffs' Amended Complaint

10

being purely state-law claims, pursuant to 28 U.S.C. § 1367(c), the Court declines to

exercise supplemental jurisdiction over those claims.

     NOW, THEREFORE,

     IT IS HEREBY ORDERED that Plaintiffs' Amended Complaint, in its entirety,

be, and hereby is, REMANDED to the Livingston County Circuit Court.

                             s/Gerald E. Rosen
                             Chief Judge, United States District Court

Dated:  November 4, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2014, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, (313) 234-5135